UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

PAUL WRIGHT,

    Plaintiff,

V.

USP-McCreary, *et al.*,

    Defendants.

Civil Action No. 6:19-094-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

*Pro se* plaintiff Paul Wright seeks money damages from two United States Penitentiary ("USP")-McCreary healthcare providers under the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Wright—who is now incarcerated at USP-Lewisburg in Lewisburg, Pennsylvania—claims that he was denied appropriate medical care for an ankle wound back in 2017 while he was housed at USP-McCreary in Pine Knot, Kentucky. Because it is obvious from the face of Wright's complaint and attachments that his claim is barred by the applicable statute of limitations, Wright's complaint is **DISMISSED** upon the Court's preliminary screening. *See* 28 U.S.C. § 1915(e)(2).

In his complaint, Wright contends he arrived at USP-McCreary on April 12, 2017, with an ankle wound. Wright claims that USP-McCreary healthcare providers Dr. Carrie Cunnagin and Ms. R. Jones denied him appropriate wound care by, among other things, failing to provide him with the proper materials to clean and dress his wound and instead instructing him to purchase his own bandages from the commissary. [R. 5.] Wright's complaint alleges a violation of his Eighth Amendment right to be free from cruel and unusual punishment and, under *Bivens*, seeks one million five hundred thousand dollars in damages. [*Id.*]

In addition to the *Bivens* complaint, Wright has filed a motion to supplement the record with fifty-seven pages of administrative remedy documents. [R. 12.] This motion will be granted and the attached documents added to the case record. Wright has also filed a motion seeking injunctive relief—specifically, a court order directing USP-Lewisburg to make copies of Wright's administrative remedy documents so that he may provide them to the Court. [R. 10.] However, Wright cites no legal authority requiring USP-Lewisburg to provide him with the documents he seeks, and to the extent Wright believes he is required to obtain those documents to proceed with the present action, he is mistaken. The motion for an injunction against USP-Lewisburg is therefore denied. Finally, Wright was previously granted pauper status in this proceeding [*see* R. 9], and his complaint is now before the Court for an initial screening.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss any portion of Wright's complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Because Wright is proceeding without an attorney, the Court evaluates his complaint under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage of the proceedings, the Court accepts Wright's factual allegations as true and liberally construes Wright's legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Despite the leniency afforded to *pro se* plaintiffs, however, Wright's Eighth Amendment claim is clearly time-barred and therefore fails to state a claim upon which relief may be granted. While defendants often raise the applicable statute of limitations as an affirmative defense, the Court is permitted to dismiss a claim plainly barred by the applicable limitations period upon initial screening. *See, e.g., Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to

dismissal for failure to state a claim."); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.").

Although Congress has not articulated a statute of limitations period for *Bivens* claims, federal courts apply the most analogous statute of limitations from the state where the events occurred. *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985). The conduct giving rise to Wright's Eighth Amendment claim occurred in Kentucky, at USP-McCreary. [*See* R. 5.] Therefore, Kentucky's one-year statute of limitations for personal injury actions applies. *See* Ky. Rev. Stat. § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003) ("*Bivens* claims have a one year statute of limitations under Kentucky law."). Wright, in turn, was required to bring his *Bivens* claim within one year of becoming aware of the injury forming the basis for his claims. *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted).

Wright complains of conduct that began in April 2017. [*See* R. 5.] Nevertheless, he did not file this *Bivens* action until April 2019. [R. 1.] Although the one-year limitations period was tolled while Wright exhausted his administrative remedies under the Bureau of Prison's Inmate Grievance Program, *see Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000), Wright has affirmatively stated that he exhausted in 2017. [*See* R. 5 at 13 (listing "2017" as the date for all three levels of Bureau of Prisons appeals); R. 10 at 1 (stating he began the grievance process in May 2017 and also completed it in 2017).] And to the extent Wright alludes throughout his filings to a delay in receiving his legal materials at USP-Lewisburg [*see, e.g.*, R. 1-1; R. 10-1 at 2], any

3

such delay does not excuse the untimely filing of his complaint. Instead, the record indicates that Wright was more than capable of filing an appropriate complaint without access to his property. For instance, on April 25, 2019, Wright filed a complaint replete with factual detail regarding his Eighth Amendment claim. [*See* R. 5.] As of that date, Wright had still not received his personal property. [*See* R. 10 at 2 (indicating he had not been provided his personal and/or legal property on April 25, 2019).] The property was therefore not a necessary prerequisite to Wright bringing suit, and the claim is time-barred.

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Wright's motion to supplement the record [R. 12] is **GRANTED**;

2. Wright's motion for injunctive relief [R. 10] is **DENIED**;

3. Wright's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2); and

4. Judgment shall be entered contemporaneously herewith.

Dated August 20, 2019

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY